UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DERRICK STALEY, NEVAEH STALEY,

                Plaintiffs,

v.

CITY OF BUFFALO, *et al.*,

                Defendants.

**REPORT AND RECOMMENDATION**

1:22-cv-620-JLS-JJM
1:22-cv-945-JLS-JJM

---

        Plaintiff Derrick Staley commenced two actions in this court (1:22-cv-620 (the "original action") and 1:22-cv-945 (the "parallel action")) challenging certain actions by members of the City of Buffalo Police, Child Protective Services, and others in responding to alleged domestic incidents and in pursuing removal of Staley's daughter, Naveah, from his custody. *See* Original action Complaint [1][1], Amended Complaint [11]; parallel action Complaint [1], Amended Complaint [7].

        Before the court are motions to dismiss by defendants City of Buffalo, Allysa Taborn, Ahmed Abdo, Eric Prentiss, Johnathan Jackson, Christina Ihle, and Joseph Fisher (the "City defendants") and by defendant Deborah Stworzydlak. Original action [15, 19]; parallel action [12, 17]. The motions have been referred to me by District Judge John L. Sinatra, Jr. for initial consideration. Original action [13]; parallel action [9]. Having reviewed the parties' submissions [15, 19, 22, 23, 24],[2] I recommend that the motions be denied.

---

[1]     Bracketed references are to CM/ECF docket entries unless otherwise noted. Page references are to CM/ECF pagination.

[2]     As the motions are identical in both actions, I will hereafter cite only the CM/ECF docket entries in the original action (1:22-cv-620) unless otherwise noted. In the parallel action (1:22-cv-945), the parties' submissions are [12, 17, 19, 20, 21, 22].

## BACKGROUND

A.  **The original action (1:22-cv-620).**

On August 17, 2022, Derrick Staley filed a *pro se* Complaint in the original action naming "Buffalo Police" as the sole defendant. Complaint [1]. Staley's motion for leave to proceed *in forma pauperis* was denied on September 15, 2022 (Decision and Order [3]), and he paid the filing fee on October 11, 2022. On January 4, 2023, he applied for service of the Summons and Complaint by the United States Marshals Service ("USMS"). Motion for Service [4]. His application was granted. Order [5]. On February 8, 2022, the USMS attempted to effect service by mailing the Summons and Complaint by certified mail to "Buffalo Police, 68 Court St, Buffalo NY 14202-3476". [6] at 1. However, the "Acknowledgment of Receipt of Summons and Complaint" form was never completed or returned. Id. at 1-2.  The USMS returned the Summons as unexecuted on March 30, 2023. *See* id.

On October 27, 2023, plaintiffs' counsel filed a letter on Staley's behalf indicating that he had retained counsel, and that they intended to file notices of appearance and an Amended Complaint, and to seek consolidation of the two actions. [7].  Plaintiffs' counsel filed appearances in this action on January 9, 2024. [8, 9, 10]. On January 24, 2024, Staley filed a "First Amended Complaint and Jury Demand" adding Navaeh Staley as a plaintiff and naming the City defendants and Stworzydlak as defendants. Amended Complaint [11].  Defendant Stworzydlak, through counsel, executed a waiver of service dated April 5, 2024. [20].  No proof of service as to the City defendants was filed.

The Staleys' motion for consolidation [12] remains pending.

B.  **The Parallel Action (1:22-cv-945).**

  On December 7, 2022, Derrick Staley filed a *pro se* Complaint in the parallel action naming "Family Court" and "CPS" as defendants. Complaint [1].[3] Staley thereafter filed a motion leave to proceed *in forma pauperis*. [2]. That motion was never ruled upon, and was ultimately withdrawn at his request. Letter [10], Text Order [11]. The filing fee was paid a few months later.

  As noted above, counsel filed an October 27, 2023 letter indicating that Staley had retained counsel, and that notices of appearance, an amended complaint, and a motion for consolidation would be forthcoming. [3]. On January 9, 2024, plaintiffs' counsel filed appearances in this action. [4, 5, 6]. On January 24, 2024, plaintiffs Derrick and Navaeh Staley filed an identical First Amended Complaint and Jury Demand with the City defendants and Stworzydlak as defendants. Amended Complaint [7]. There is no indication on the docket that either version of the Complaint in the parallel action was ever served.

  The Staleys' motion for consolidation [8] remains pending.

### DISCUSSION

  Defendants now move pursuant to Fed. R. Civ. P. ("Rules") 12(b)(2), 12(b)(4), and 12(b)(5) to dismiss the Complaints in both actions for failure to timely effect service under Rule 4(m), and for failure to prosecute. *See* City defendants' Memorandum of Law [15-8]; Stworzydlak's Memorandum of Law [19-10].

---

[3]  Bracketed references in this section are to the CM/ECF docket entries in the parallel action.

A.    **Rule 4(m) does not require dismissal of these actions**

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time". The court may extend the deadline for service upon a showing of "good cause". Id.  Failure to comply with Rule 4(m) implicates personal jurisdiction over the defendants as well. *See* Dynegy Midstream Services v. Trammochem, 451 F.3d 89, 94 (2d Cir. 2006) ("[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied") (*quoting* Omni Capital International, Ltd. v. Rudolf Wolff & Company, 484 U.S. 97, 104 (1987)).

The parties do not dispute that, despite Staley's belated efforts to procure service through the USMS, the original August 17, 2022 Complaint was never served on any defendant. The 90-day deadline for service of that Complaint has long since passed. However, a "First Amended Complaint" was filed on January 24, 2024, which names entirely different defendants - namely the City defendants and Ms. Stworzydlak. [11].[4]

Defendants argue that the Amended Complaint is a "nullity" because of Staley's failure to serve his original Complaint. [15-8] at 3-4; [19-10] at 4. However, Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course no later than (A) 21 days after serving it, or (B) . . . 21 days after service of a responsive pleading or . . . motion".

---

[4]    The entities named the original Complaints - "Buffalo Police", "Family Court", and "CPS" - are not sueable entities. *See* Mugabo v. Buffalo Police, 2024 WL 1259140, *2, adopted 2024 WL 1257406 (W.D.N.Y. 2024); Estate of Keenan v. Hoffman-Rosenfeld, 2019 WL 3416374, *1 (E.D.N.Y. 2019); Wrobleski v. Bellevue Hospital, 2015 WL 585817, *2 (S.D.N.Y. 2015) ("[t]he New York State Family Court and the Clerk of that Court are immune from suit under the Eleventh Amendment because they are arms of the State of New York").

Here, "[b]ecause Plaintiff never served the original Complaint, the 21-day time limit to file an amended complaint under Rule 15(a)(1)(A) never commenced". Morris v. New York Gaming Commission, 2019 WL 2423716, *4, adopted 2019 WL 2423203 (W.D.N.Y. 2019). Therefore, plaintiffs' Amended Complaint was properly filed as their one amendment as a matter of course.

Defendants next argue that even if the Amended Complaint is properly filed, its filing does not "restart the clock for service" under Rule 4(m). [15-8] at 4; [19-10] at 4. While that is true, "adding a new party through an amended complaint initiates a new timetable for service upon the added defendant". 4B Wright & Miller, Federal Practice and Procedure (Civil) §1137 (4th ed. 2019) (collecting cases). None of the moving parties were named in the original Complaints. Thus, they are all newly added defendants for purpose of Rule 4(m). The cases cited by defendants are distinguishable for this reason. See Bolden v. City of Topeka, Kansas, 441 F.3d 1129, 1148 (10th Cir. 2006) ("the [90]-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint *except as to those defendants newly added in the amended complaint*") (emphasis added); Butterworth v. Town of Greece, 2021 WL 241961, *7 (W.D.N.Y. 2021) ("[defendant] Paige *was named in the original complaint*") (emphasis added).

While I have some questions as to whether, and to what extent, the Amended Complaints in the two actions were served,[5] that issue is not raised by defendants, and I therefore decline to address it. See Jusino v. Federation of Catholic Teachers, Inc., 54 F.4th 95, 105 (2d Cir. 2022) ("it is a fundamental principle of 'our adversarial system of adjudication' that 'courts

---

[5] Plaintiff filed a waiver of service executed by defendant Stworzydlak, through counsel, in the original action. [20]. However, no waiver of service or affidavit of service was filed as to the City defendants. Further, no waiver of service or affidavit of service was filed as to *any* defendant in the parallel action. I note that Rule 4 requires a plaintiff to affirmatively file proof of service. See Rules 4(l)(1) (requiring filing affidavit of service if not waived); 4(d)(4) (requiring filing of the waiver of service). However, this failure to prove service "does not affect the validity of service", and "[t]he court may permit proof of service to be amended". Rule 4(l)(3).

normally decide only questions presented by the parties'") (*quoting* United States v. Sineneng-Smith, 590 U.S. 371, 375-376 (2020)).

For these reasons, I recommend that defendants' motions on the ground of timeliness under Rule 4(m) be denied.

C.     **Failure to Prosecute**

Defendants further argue that plaintiffs' Complaint should be dismissed for a failure to prosecute under Rule 41(b). [19-10] at 6-7; [15-8] at 5. Defendants' arguments focus on Staley's delay in effecting service of the original Complaint, or otherwise prosecuting the two actions, while he was still *pro se*. See id.

Rule 41(b) provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it". Rule 41(b) failure to prosecute requires consideration of: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard[,] and [5] whether the judge has adequately assessed the efficacy of lesser sanctions". LeSane v. Hall's Security Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001).

However, as defendants concede, a dismissal for failure to prosecute is "a harsh remedy to be utilized only in extreme situations". Id. Furthermore, the Second Circuit has repeatedly held that "*pro se* plaintiffs should be granted special leniency regarding procedural matters". Id.; *see also* Thrall v. Central New York Regional Transportation Authority, 399 F. App'x 663, 666 (2d Cir. 2010) (Summary Order).

-6-

Staley was proceeding *pro se* at the time of the delays in question. While there were certainly substantial delays in both cases following the filing of the original Complaints, Staley appeared to make efforts to comply with the Court's orders. In the original action, he paid the filing fee when directed and sought, albeit unsuccessfully, service of the Summons and Complaint by the USMS. In the parallel action, Staley filed a motion for leave to proceed *in forma pauperis* [2], which was never ruled on by the court.

It does not appear Staley was ever in violation of any court order, nor was he put on notice that further delay would result in dismissal. Finally, none of the defendants were yet parties to these actions during this period of delay, so it is unclear what, if any, prejudice they experienced from the delay. For all these reasons, I recommend denial of defendants' motion to dismiss for failure to prosecute in both actions. [6]

**CONCLUSION**

For the above reasons, I recommend that defendants' motions to dismiss (Case No. 1:22-cv-620 [15, 19]; Case No. 1:22-cv-945 [12, 17]) be denied. Unless otherwise ordered by District Judge Sinatra, any objections to this Report and Recommendation must be filed with the clerk of this court by June 5, 2024. Any requests for extension of this deadline must be made to Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the

---

[6] I note, however, that the Amended Complaints in both the original action and the parallel action are identical and involve the same parties. Plaintiffs might consider whether the parallel action needs to be maintained at all, or whether it could be dismissed by stipulation in accordance with Rule 41(a).

magistrate judge in the first instance.  <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

        The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: May 22, 2024

                      <u>/s/ Jeremiah J. McCarthy</u>
                      JEREMIAH J. MCCARTHY
                      United States Magistrate Judge